In the Matter of the Petition of GINO C. SPERANZA, Respondent, to Enforce an Attorney's Lien.

CHARLES WALSH, Appellant.

ATTORNEY AND CLIENT — ERRONEOUS ENFORCEMENT OF ATTORNEY'S LIEN FOR SERVICES. A proceeding to enforce an attorney's lien for services, upon a judgment recovered in an action for personal injuries suffered by his client, in which the issue is whether or not the agreement under which the attorney claims compensation is champertous, should not be summarily determined upon the petition and affidavits presented by the parties, where, although the agreement as set forth in the petition and affidavit of the attorney is not champertous, the client alleges that there was another agreement by which the attorney agreed to pay the expenses of the litigation if the client would sign the agreement fixing the attorney's compensation. The issue presented should not be determined until there has been a complete and thorough hearing of all the facts, either in open court or before a referee.

*Matter of Speranza*, 114 App. Div. 913, reversed.

(Argued October 2, 1906; decided November 13, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 12, 1906, which affirmed an order of Special Term determining the amount of and directing the enforcement of an attorney's lien.

The facts, so far as material, are stated in the opinion.

*Benjamin Patterson* for appellant. The Special Term erred in determining the questions at issue between the attor-

ney and client without trial, reference or other judicial investigation. (Code Civ. Pro. §§ 3333, 3334; *Matter of Fitzsimons,* 174 N. Y. 15; *Matter of H——, an Attorney,* 87 N. Y. 521; *C. T. Co.* v. *Smith,* 57 Hun, 176; *Matter of King,* 168 N. Y. 53; *Matter of Knapp,* 85 N. Y. 284; *Fischer-Hansen* v. *B. H. R. R. Co.,* 173 N. Y. 492; *Sullivan* v. *Fox,* 113 App. Div. 61; *City of Philadelphia* v. *P. T. Co.,* 1 App. Div. 387.) The "inducement" prohibited by section 74 of the Code of Civil Procedure was made by the attorney, and, therefore, the contract based thereon is champertous and void. (*Steadwell* v. *Hartman,* 74 App. Div. 126; *Begley* v. *Weddigen,* 86 App. Div. 629; *Ransom* v. *Cutting,* 112 App. Div. 150; *Matter of Clark,* 184 N. Y. 222; *Irwin* v. *Curie,* 171 N. Y. 409; *Herschbach* v. *Ketchum,* 5 App. Div. 324; *Coughlin* v. *N. Y. C. & H. R. R. R. Co.,* 71 N. Y. 443.)

*Archibald C. Shenstone* for respondent. The appellant Walsh entered freely into a lawful and binding contract with his attorney. (*Fowler* v. *Callan,* 102 N. Y. 395; *Ransom* v. *Cutting,* N. Y. L. J. April 25, 1906.)

Werner, J. This is a controversy between attorney and client over the terms of the contract of retainer. Upon conflicting averments made by the opposing affiants, the court at Special Term fixed the attorney's lien and directed its enforcement. At the Appellate Division that determination was unanimously affirmed. In view of that affirmance we shall refer to the facts, not for the purpose of reviewing them, but simply to support our suggestion that this is a case in which the dispute between attorney and client should not have been summarily disposed of by the court upon the petition and affidavits unsupported by any common-law evidence. As that is the precise point upon which our decision turns, it may not be out of place to preface our *resumé* of the facts with the statement that while all of our courts are proverbially and properly solicitous for the enforcement of the just claims of

lawyers against their clients, the latter have rights of equal importance and sacredness which should not be overlooked or ignored.

In the latter part of the year 1901 the petitioner respondent, Gino C. Speranza, an attorney-at-law, was employed by the appellant Charles W. Walsh, to prosecute a claim against the city of New York arising out of injuries sustained by Walsh in slipping and falling on ice formed on one of the highways of that city. Pursuant to this retainer Speranza brought an action in favor of Walsh against the city, which subsequently resulted in a verdict for the plaintiff in the sum of $12,500. At the Appellate Division this recovery was reduced to $7,500 and judgment for that amount, with interest and costs, was entered, making a total of $7,702.04. Thereafter a disagreement arose between Speranza and Walsh, and the latter employed another attorney to collect the judgment. Then Speranza filed a notice of his lien for compensation with the comptroller of the city of New York, and later commenced this proceeding to enforce the same. Attached to his petition and made a part thereof, is a written instrument signed by Walsh whereby the latter agreed " to pay to said Speranza for such services a sum of money equal to forty per cent (40%) on the first $10,000, and twenty-five per cent (25%) of any amount over said $10,000 of the net amount of money which I may recover from said city for said injuries; or, if the action is settled before trial, twenty-five per cent (25%) on the net amount of such settlement, together with all taxable costs and disbursements to which I would have been entitled if the case had been tried, and I agree to give him and hereby give him a lien on all the proceeds of said action for the same, and in addition thereto the taxable costs which may be awarded to me in such action; and further, I agree not to compound, compromise or settle my claim for such injuries or such action without his consent and except by him."

In answer to Speranza's petition filed herein, Walsh raised many objections to the enforcement of the lien, only one of

which we deem it necessary to consider. That objection is that the written instrument above quoted, and signed by Walsh alone, was champertous, illegal and in violation of the provisions of sections 73 and 74 of the Code of Civil Procedure. In support of this objection Walsh's answer alleges that he was induced to sign said instrument by a proposition in writing made by Speranza on January 25th, 1902, which reads as follows: "I will pay all court fees, fees of witnesses and necessary disbursements to judgment, if you will agree to give me forty (40) per cent of the damages recovered on the first $10,000 thereof, and twenty-five (25) per cent of such damages on any greater sum than $10,000 if settled before trial, twenty-five (25) per cent on the entire amount of the settlement plus the taxable costs to which I would be entitled if tried."

This allegation was met by a rebutting affidavit from Speranza in which he avers that he submitted to Walsh, at the latter's request, four distinct propositions as follows: "1. That said Walsh give deponent a retainer of $250, and agree to pay 15% on any verdict that might be secured, or 10% on a settlement plus taxable costs. 2. That said Walsh advance all court fees and necessary disbursements, and 25% on any verdict that might be recovered, or 20% on a resettlement plus taxable costs. 3. That said Walsh advance one-half of all court fees and necessary disbursements as they become due, and 30% of any verdict that might be recovered, or 20% on a settlement plus taxable costs. 4. The proposition set forth in the agreement of February 8th, 1902, and embodied in the petition herein." These averments are followed by Speranza's assertion that Walsh, after due consideration, chose the last-mentioned proposition. Upon the petition and affidavits referred to, which, upon the issue of facts presented, are more in the nature of pleadings than proofs, the court, as stated, made an order fixing the attorney's lien and directing its enforcement.

What was the issue tendered by the answering affidavits of the appellant? Nothing more nor less than that the agree-

ment alleged by the respondent in support of his lien was champertous and void. That agreement as set forth by the respondent was, to be sure, perfectly free from champertous taint, and the appellant does not deny having signed it. If that were all, it would clearly justify the summary disposition of the proceeding made at Special Term. But the appellant says that the respondent has introduced only a part of the agreement and that there is another part, also in writing and signed by the respondent, which clearly reveals the champertous character of the whole. The court at Special Term seems to have proceeded upon the theory that the negotiations of the parties had all been merged in the writing signed by the appellant. In that connection it is to be noted that the part of the agreement relied upon by the appellant to establish champerty is not inconsistent with or contradictory of that part relied upon by the respondent. The agreement as set forth by the latter is silent as to the expenses of the litigation, and is signed only by the appellant. But if it is true that there is a written proposition signed by the attorney, by which he agrees to " pay all court fees, fees of witnesses and necessary disbursements to judgment," if the appellant would agree to the scale of compensation set forth in the other writing, it is too clear for discussion that the arrangement would constitute no less a palpable violation of the provisions of section 74 of the Code of Civil Procedure, than that which was so recently condemned in *Matter of Clark* (184 N. Y. 222).

We think the case is one in which the court at Special Term should have treated the record before it as presenting an issue upon which nothing short of a complete and thorough hearing, either in open court or before a referee, would satisfy the demands of justice. That is a practice not only sanctioned by long usage and the repeated approval of this court (*Matter of Fitzsimons,* 174 N. Y. 15 ; *Matter of King,* 168 id. 53 ; *Peri* v. *N. Y. C. & H. R. R. R. Co.,* 152 id. 521 ; *Matter of H——, an Attorney,* 87 N. Y. 521), but one peculiarly adapted to the ascertainment of the truth in cases where reckless affidavit making, or discreet silence upon essen-

tial particulars, may give the whole controversy a false atmosphere in which the real truth is hidden rather than revealed.

The orders of the Appellate Division and Special Term should be reversed, and the latter court directed to proceed as above indicated, with costs to abide the event.

Cullen, Ch. J., Edward T. Bartlett, Haight, Vann, Willard Bartlett and Chase, JJ., concur.

Ordered accordingly.