(125 App. Div. 610.)

SYME v. TERRY & TENCH CO. et al.

(Supreme Court, Appellate Division, Second Department.  April 24, 1908.)

ATTORNEY AND CLIENT—FEES—CONTRACTS FOR COMPENSATION.

   A contract between an attorney and client, by which the attorney agreed to present, and, if necessary, prosecute, the client's claim, for which he was to receive 40 per cent. of the recovery, is not rendered void, as against public policy, by an agreement that the client should not settle or compromise the claim without the attorney's consent, and that, in the

event of such settlement without the attorney's consent, the stipulated amount should be paid to him.

Appeal from Special Term.

Action by Sydney A. Syme against the Terry & Tench Company, impleaded with Frederick E. Kethman. From a judgment for plaintiff, the Terry & Tench Company appeals. Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and MILLER, JJ.

James B. Henney, for appellant.

Sydney A. Syme, for respondent.

WOODWARD, J. The plaintiff brought this action to foreclose his lien as an attorney under the provisions of section 66 of the Code of Civil Procedure. A judgment in his favor has been entered, and the defendant appeals.

On or about the 16th day of January, 1907, the plaintiff herein was retained by one Frederick E. Kethman to represent him as his attorney in prosecuting a claim against the defendant for personal injuries due to negligence. Four days after the joining of issues the defendant made a settlement with Kethman, ignoring the rights of the plaintiff; and it is not to be doubted, under the authority of Fischer-Hansen v. Brooklyn Heights R. R. Co., 173 N. Y. 492, 66 N. E. 395, that the plaintiff is entitled to look to the defendant for his compensation, unless there is some valid defense for its action. The only matter seriously urged upon this appeal is that the contract between the plaintiff and his client, in which the latter had agreed that the former should receive 40 per cent. of the recovery, is void as against public policy, on the ground that this contract contained a clause in which the client agreed not to settle the cause of action without the written consent of the plaintiff. The appellant relies upon Matter of Snyder, 190 N. Y. 66, 82 N. E. 742; and, if the effect of that case is as the defendant construes it, then this judgment must be reversed.

In the case now before us the contract provides in its second article, so far as it relates to this question, that:

"The said party of the first part, as and for his compensation for his services in the presentation and prosecution of said claim, shall be entitled to receive and retain 40 per cent. of any compromise or settlement before judgment, or, after judgment, 40 per cent. of any verdict or award, and all costs and disbursements allowed by law or the court, upon entry of the judgment or upon any appeal from said judgment."

And then the third article provides that:

"The said party of the second part agrees not to settle or compromise said claim with any person or corporation, without the consent, in writing, of the party of the first part, and that if such a settlement or compromise is made, without the consent, in writing, of the first part, the party of the second part agrees to pay to the party of the first part such share of said settlement or compromise as is hereinbefore agreed shall be the share of the party of the first part as and for his compensation for the services rendered by him in this matter."

The plaintiff's engagement was that he would present, "and, if necessary, prosecute by action in the courts, a claim by the party of the second part" against the defendant. The contract did not necessarily

contemplate litigation—the beginning of an action where the plaintiff's lien would attach—and the agreement of the client was not, as in the case cited, that he would not settle the litigation, but that he would not "settle or compromise said claim" without the consent of the plaintiff; but it is added that if "such a settlement or compromise is made, without the consent, in writing, of the party of the first part, the party of the second part agrees to pay to the party of the first part such share of said settlement or compromise as is hereinbefore agreed shall be the share of the party of the first part as and for his compensation," etc. The effect of this agreement is that the client will not settle or compromise his claim against the defendant without the consent of the plaintiff in such a manner as to defeat the rights of the latter.

The agreement is not absolute. It merely prescribes the conditions which shall govern in the event of the client settling the claim before the lien of the attorney attaches under the provisions of the Code. In the interval between the making of the contract and the presentation of the claim, or in the interval between the presentation of the claim and the actual commencing of the action, the attorney would be at the mercy of the client. The latter could settle at any time, and, being irresponsible, the attorney would lose all the services he had rendered; and this clause of the contract may be deemed to relate to this period, and to provide only for the compensation of the plaintiff in the event of a settlement without his consent during the period which might properly be devoted to negotiations for a settlement. The client could settle at any time. He merely agreed that, if he did settle before the claim had been sued, he would pay the plaintiff the same compensation that he had already agreed to pay him for the presentation and prosecution of the claim. This clause was distinct from the one which provided the compensation which was provided for the presentation and prosecution of the claim, and it might be entirely dropped out of the contract as void, and it would not affect the remainder of the contract, would not affect the contract as it relates to the defendant, for the claim had been presented and the action already begun, issue even being joined, when the settlement was made, and the provisions of the second article of the contract, concededly valid, governed in such an event.

In Matter of Snyder, supra, while the court held that the provision that the parties would not settle the litigation without the consent of all the others was void as against public policy, it was held that the attorneys were entitled to recover the value of their services actually rendered, and merely that the provision fixing the compensation fell with the void clause, with which it was inseparably connected. We think that case is not this case in principle or in its facts, and that it does not stand in the way of the plaintiff's recovery.

The judgment appealed from should be affirmed, with costs. All concur.