## McCOY v. GAS ENGINE & POWER CO. et al.

(Supreme Court, Appellate Division, Second Department.   December 10, 1909.)

1. CORPORATIONS (§ 206*)—ACTION BY STOCKHOLDER—CONDITIONS.
   Where a stockholder's action to set aside a contract of the corporation is derivative, there must have been either a demand on, and refusal by, the corporation to sue, or it must appear that a demand would be futile, as where those in control are themselves the wrongdoers, and there is reason to believe that, if an action were brought by a corporation, it would not be prosecuted in good faith.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. § 206.*]

2. ATTORNEY AND CLIENT (§ 147*)—CONTRACT FOR FEES—"UNCONSCIONABLE."
   The word "unconscionable," as applied to attorney's contracts for contingent fees, means nothing more than that the amount of the fee contracted for, standing alone and unexplained, would be sufficient to show that an unfair advantage was taken of the client, or that a legal fraud was perpetrated on him.
   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 351; Dec. Dig. § 147.*
   For other definitions, see Words and Phrases, vol. 8, pp. 7155, 7156.]

3. CORPORATIONS (§ 206*)—STOCKHOLDER'S ACTION—DEMAND ON CORPORATION TO SUE.
   A stockholder sued the corporation and its attorney to set aside an alleged unconscionable contract for services, and to excuse a demand on, and refusal by, the corporation to sue, alleging that a majority of the directors who authorized the employment of the attorney were still in office. There was no allegation that they were guilty of wrongdoing, and the corporation answered, also pleading the invalidity of the contract. *Held* insufficient to entitle the stockholder to maintain the action, since the corporation, which was in fact a willing party, could not prosecute the suit in the name of the stockholder to gain some supposed advantage over the defendant.
   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 791–796; Dec. Dig. § 206.*]

Appeal from Special Term, Westchester County.

Action by Daniel B. McCoy against the Gas Engine & Power Company and others. Judgment for plaintiff, and defendant Joseph A. Flannery appeals. Reversed and dismissed.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

Benjamin Trapnell, for appellant.
John F. Brennan, for respondent McCoy.
John J. Crennan, for other respondents.

MILLER, J.   This is a stockholder's action, brought by the plaintiff against the defendant corporation and the appellant to set aside as unconscionable a contract by which the corporation retained the appellant as attorney to represent it in certain proceedings, instituted pursuant to chapter 423, p. 987, of the Laws of 1903, as amended by chapter 634, p. 1556, of the Laws of 1905, to assess the damages caused by a change of grade of a street.   The agreement provided for compen-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sation on a sliding scale, contingent upon the amount of the award, viz., 24 per cent. up to $50,000, 33⅓ per cent. of any amount between $50,000 and $100,000, 40 per cent. of any amount between $100,000 and $150,000, and 50 per cent. of any amount in excess of the latter sum. The award was for $306,000. The defendant corporation served an answer in this suit, alleging that the contract violated section 74 of the Code of Civil Procedure, in that it provided that the appellant should pay all expenses. The trial court found that the contract was void, both because it was unconscionable and because it violated section 74 of the Code of Civil Procedure, and that the appellant's services to the corporation were reasonably worth the sum of only $15,000. The appeal is from a judgment setting aside the contract and fixing the compensation to be paid by the corporation out of the award to the appellant at $15,000.

The complaint does not allege a demand upon the corporation to bring an action, and the undisputed evidence shows that no demand was made, and that the action is in fact prosecuted by the corporation in the name of a stockholder. The plaintiff sought to excuse a demand on, and refusal by, the corporation to bring an action, by showing that a majority of the directors who authorized the employment of the appellant were still in office; but the complaint does not allege that they were guilty of wrongdoing. The action being derivative, the plaintiff must show either a demand and refusal or that a demand would be futile, as where those in control are themselves the wrongdoers and there is reason to believe that, if the action were brought by the corporation, it would not be prosecuted in good faith. O'Conner v. Virginia Passenger & Power Co., 184 N. Y. 46, 76 N. E. 1082.

The theory of the action is, not that the directors have attempted to perpetrate a fraud upon the corporation, but that the appellant has perpetrated a fraud upon them. The law permits agreements between attorney and client respecting the compensation to be paid the attorney, and, if no undue advantage is taken of the client, such contracts are valid and enforceable. Matter of Fitzsimmons, 174 N. Y. 15, 66 N. E. 554. The word "unconscionable" has frequently been applied to contracts made by lawyers for what were deemed exorbitant contingent fees. But by that nothing more has been meant than that the amount of the fee, standing alone and unexplained, may be sufficient to show that an unfair advantage was taken of the client, or, in other words, that a legal fraud was perpetrated upon him. Morehouse v. Brooklyn Heights R. Co., 185 N. Y. 520, 78 N. E. 179.

The theory of the action is that the appellant in some way overreached the directors of the corporation, and the plaintiff relies wholly upon the contract for compensation to prove that. But that furnishes no reason to suppose that the corporation would be unwilling to sue if the matter were called to its attention, or that it would not prosecute the suit in good faith if one were begun. A corporation cannot prosecute a suit in the name of a stockholder for the purpose of gaining a supposed advantage over the defendant, as was attempted to be done in this case according to the plaintiff's own evidence.

As it is plain that the suit cannot be maintained by the plaintiff, it seems idle to discuss the other questions argued; and, as the case

cannot be changed on a new trial, the judgment should be reversed, and the complaint dismissed.

Judgment reversed, and new trial granted; costs to abide the final award of costs. WOODWARD, BURR, and RICH, JJ., concur. JENKS, J., taking no part.