(71 Misc. Rep. 537.)

McCOY v. GAS ENGINE & POWER CO. et al.

(Supreme Court, Special Term, Westchester County.    April 19, 1911.)

1. ATTORNEY AND CLIENT (§ 147*)—COMPENSATION—CONTRACTS—VALIDITY.

A contract providing that an attorney's compensation should be on a sliding scale, viz., 25 per cent. of the amount recovered, provided such amount did not exceed $50,000, 33⅓ per cent. if it should be more than $50,000 and less than $100,000, 40 per cent. if it should be $100,000 and less than $150,000, and 50 per cent. if it should be $150,000 or over, was not unconscionable, merely because of the percentage of the compensation.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 351; Dec. Dig. § 147.*]

2. CHAMPERTY AND MAINTENANCE (§ 5*)—COMPENSATION OF ATTORNEY—CONTRACT—VALIDITY.

A contract for services to be rendered by an attorney, which required the attorney to pay all expenses of every kind incurred in the prosecution of the claim, was invalid, under Code Civ. Proc. § 74, providing that an attorney shall not promise or give a valuable consideration as an inducement to placing in his hands a claim of any kind, etc.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

3. CHAMPERTY AND MAINTENANCE (§ 5*)—COMPENSATION OF ATTORNEY—CONTRACT—VALIDITY.

That a contract for services to be rendered by an attorney in collecting a claim against a city, requiring the attorney to pay all expenses of every kind incurred in the prosecution of the claim, contemplated the bringing of an action in case the city authorities should refuse to pay, was sufficient to bring it within the condemnation of Code Civ. Proc. § 74, providing that an attorney shall not promise or give a valuable consideration as an inducement to placing in his hands a claim of any kind, for the purpose of bringing an action thereon.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

Action by Daniel B. McCoy against the Gas Engine & Power Company and others. Determination of action after trial of the issues found between two defendants. Judgment in accordance with opinion.

See, also, 141 App. Div. 918, 125 N. Y. Supp. 1129.

John J. Crennan (John F. Brennan, of counsel), for defendants Gas Engine & Power Co. and another.

Benjamin Trapnell, for defendant Flannery.

MILLS, J.   The character of this action and its history to and inclusive of the decision by the Appellate Division upon the appeal taken thereto by the defendant Flannery from the former judgment entered after trial at Special Term are fully and clearly stated in the opinion of the Appellate Division reported at 135 App. Div. 771, 119 N. Y. Supp. 864, and need not be restated here.

After such decision the action came on for retrial at the Westchester Special Term, and the complaint was dismissed upon authority of such decision and upon the grounds stated in the opinion of the Appellate Division reported as above noted. Thereupon the defendant corporation moved at such Special Term for leave to amend its answer, so as

to set up as a claim against the defendant Flannery substantially the cause of action against him which the plaintiff had attempted to allege in the complaint. Such motion was there granted, and from the order entered granting the same the defendant Flannery appealed to the Appellate Division, which in July, 1910, affirmed such order without opinion, as appears in 139 App. Div. 938, 124 N. Y. Supp. 1121.

The defendant corporation then served an amended answer, and the action, upon the issues joined between the two defendants by their respective answers, has been tried before this court and been submitted by both counsel upon very complete briefs. The amended answer of the defendant corporation, which now stands practically as a complaint, after stating the contract between the two defendants, by reference to the complaint for the same, alleges (1) that such contract is illegal, as violating section 74 of the Code of Civil Procedure, which was in force in 1906, when the contract in question was made, but which is now incorporated in subdivision 2 of section 274 of the Penal Law (Consol Laws 1909, c. 40); and (2) that the contract is unconscionable, because it provides so large a compensation to the attorney, the defendant Flannery, for the services to be rendered by him. Such contract, according to the allegations and the proofs, provided that his compensation should be on a sliding, ascending scale, viz., 25 per cent. of the amount recovered, provided such amount did not exceed $50,000, 33⅓ per cent. if it should be more than $50,000 and less than $100,000, 40 per cent. if it should be $100,000 and less than $150,000, and 50 per cent. if it should be $150,000 or over, and the award so secured by the defendant Flannery for the other defendant upon its claim was the sum of $306,000, and interest thereon from September 1, 1905.

Such amended answer alleges no false representation, and no fact showing imposition, aside from the naked fact of the amount of the contingent fee provided for the attorneys. Therefore, by elementary rules, no false representation on the part of the defendant Flannery, as an inducement to the other defendant to enter into the contract, even if any such may have been incidentally proven, can be here considered as a basis of invalidating the contract. The only allegation in the amended answer looking at all in such direction is that in paragraph third, to the effect that the defendant Flannery, in soliciting the employment, represented the contract which was finally made as "the proper and usual contract providing for the compensation of an attorney for doing that class of work"; but such answer is entirely wanting in any allegation that such representation was false, and therefore the allegation as to the making of such representation is entirely insufficient as an averment of false representation as a ground to hold the contract invalid. Such amended answer, as relief, asks that the contract be declared void, or modified, so as to fix the compensation to which the defendant Flannery may be fairly entitled.

After considering carefully the evidence, the arguments of counsel, and the authorities cited in the briefs submitted, I have reached the following conclusions, viz.:

[1] First. The contract in question cannot here be held to have been or to be unconscionable, merely because of the percentage of the

recovery thereby secured to the attorney for his services therein agreed by him to be rendered.

[2] Second. The contract provides for services to be rendered by the attorney in any action which may be necessary for the defendant corporation to bring against the city of New York to recover the amount of the award made or to be made by the board of assessors, as well as for the attorney's services before such board in securing their award. Therefore such contract, in and by its concluding provision, to the effect that the attorney should pay all expenses of every kind incurred in the prosecution of the claim, was within the provisions and condemnation of section 74 of the Code of Civil Procedure, and must for that reason here be held to be invalid.

Third. The value of the services already rendered by the defendant Flannery to the other defendant in prosecuting its claim is the sum of $30,000, payable when the award be actually collected by the defendant corporation, the defendant Flannery to render such further legal services in its behalf as may be needed to collect the award, if the defendant corporation elect to have him do so, and he to have a lien upon the award for such amount of $30,000.

As to the first of the conclusions above stated, viz., that the contract was and is not unconscionable because of the large share, 50 per cent. of the actual recovery secured to the attorney for his services, the recent decision of the Appellate Division in this Department in the case of Murray v. Waring Hat Mfg. Co., 127 N. Y. Supp. 78, decided January 27, 1911, appears to be conclusive. In that case the agreement of 40 per cent. at all events appears to have been more favorable to the attorney than this agreement for a sliding, ascending scale of compensation to the attorney as above stated. In that case the court at Special Term in effect held that the 40 per cent. agreement was not unconscionable if an actual trial had been had, but that, as the claim of the plaintiff (for damages for the death of her husband) was collected by a settlement without a trial, and evidently with far less work on the attorney's part than if a trial had been had, the 40 per cent. reserved to the attorney became excessive, and therefore unconscionable; and upon that ground the court reduced the attorney's share of the recovery to $2,000, or 20 per cent. of the entire amount collected. The Appellate Division, however, decided in effect that the contract should not be regarded as unconscionable, even as to its provision providing for the full percentage to the attorney, even if the claim were collected by settlement without trial. In that case, as here, the agreement provided, in effect, that the attorney should receive a given percentage for collecting the claim, however such collection might be accomplished, and whatever the character and extent of the services which the attorney might have to render to effect that result. That court evidently deemed its decision in that case to be in plain accord with section 474 of the judiciary law (Consol. Laws 1909, c. 30), formerly section 66 of the Code of Civil Procedure, that "the compensation of an attorney or counselor for his services is governed by agreement, express or implied, *which is not restrained by law.*" The case here at bar is like the Waring Case, supra, in that the attorney has not come voluntarily into court and asked the court to fix the

amount of his compensation, as was done in Matter of Friedman, 136 App. Div. 750, 121 N. Y. Supp. 426, but has been brought into court against his will, and has elected to stand firmly upon his rights under the contract and said section of the judiciary law.

As to the second conclusion above stated, viz., that the contract, when made, was within the condemnation of section 74 of the Code of Civil Procedure, now section 274 of the Penal Law, the test appears to be whether or not the contract, when made, provided in any event for the bringing of an action by the attorney for his client. That section, as it then stood, limited its prohibition to the giving or promising a valuable consideration for the placing in the attorney's hands of a demand of any kind "for the purpose of bringing an action thereon." Subsequently, in 1907, such section was amended, so as to make the limitation include, not only an action, but "the pursuit of any civil remedy for the recovery" on a demand. Such amendment did not take effect until September 1, 1907, and the contract in suit was made May 22, 1906.

The proceeding which was taken before the board of assessors of New York City, by which the amount of the award was determined and declared, cannot be regarded as an action, within the meaning of said section before such amendment. It appears, however, by the testimony of the defendant Flannery himself, that in order to actually collect the award, if the city do not pay it voluntarily, the claimant, to whom the award has been made by the board of assessors, must bring an action against the city to recover the same; and this appears to me to be the correct view of the matter. The statutes under which the claim of the defendant corporation exists do not provide for any remedy by mandamus to compel the payment of the award by any of the officials of the city. Indeed, they appear to provide for the issue of corporate stock of the city for the payment of such an award only when made for damages to buildings. See the original act, chapter 423, § 8, Laws of 1903. The award here was claimed and made under the amending statute (chapter 634, Laws of 1905), for damages both to land and buildings. Apparently there is, therefore, no special provision for payment by the city of the award, and the same will have to be collected as ordinary obligations of the city are enforced; that is, by an action at law.

It seems plain, moreover, from the testimony of the defendant Flannery, that he understood the agreement as requiring him to render the requisite legal services in any such action, if the same should be necessary. It also seems at least probable that in such an action the city may litigate certain questions affecting the merits, at least that of the title of the defendant corporation (Johnson v. Pettit, 120 App. Div. 774, 105 N. Y. Supp. 730), and possibly, also, the question whether or not the interest prior to the date of the award was properly allowed. People ex rel. Central Trust Co. v. Stillings, 136 App. Div. 438, 121 N. Y. Supp. 13.

[3] It is contended in behalf of the defendant Flannery that the fact that the agreement contemplated the possibility of bringing an action to collect the award, in the contingency that the city authorities should refuse to pay it without such action being brought, is not enough

to bring the agreement within the meaning of the clause of said section 74, viz., "for the purpose of bringing an action thereon," and that in that respect the agreement should be regarded as being similar to the agreement by which an attorney purchases a mortgage or note for investment; it having been held that such latter agreement cannot be regarded as being within the statute, which forbade the purchase by an attorney of a claim for the purpose of bringing an action thereon. Moses v. McDivitt, 88 N. Y. 62.

Manifestly, in the case of that agreement, the paramount purpose of the attorney in purchasing the mortgage was to secure an investment, and not to bring an action; but, in the case of the agreement here at bar, the paramount purpose of the attorney clearly was to collect the claim, and to make use of whatever agencies might be necessary for that purpose, and one of those agencies was an action to be brought to collect the award. As well might it be held that an agreement which provided for the collection of a claim by demand and settlement, if practicable, and, if not, by action, was not within the meaning of such statute. It seems to be conceded by the counsel in their briefs that such an agreement to pay the expenses incidental to securing and collecting the award would constitute the promise to give a valuable consideration, within the meaning of said section 74 of the Code of Civil Procedure, and such construction of the language of that section is manifestly correct. Matter of Speranza, 186 N. Y. 280, 284, 78 N. E. 1070.

As to the third conclusion above stated, the court here does not agree with the contentions of the defendant corporation that the services rendered by the defendant Flannery in the prosecution of the claim are to be regarded as slight, and as meriting comparatively small compensation. On the contrary, it seems to me that the services so rendered were important and valuable, that the case of the defendant corporation in the matter of its claim was by the defendant attorney exceedingly well and tactfully presented to the board of assessors, and that he secured for his client, the defendant corporation, from that board, a very liberal award indeed.

In determining the fair value of the services of the attorney, it is, of course, proper to consider strongly the result attained; and upon such consideration I conclude that those services, assuming that they are not to be paid until the award is collected, are fairly and reasonably worth the sum of $30,000.

MUNICIPAL CORPORATIONS (§ 191[*])—OFFICERS—REMOVAL.

    