(152 App. Div. 642.)

McCOY v. GAS ENGINE & POWER CO. et al.

(Supreme Court, Appellate Division, Second Department. October 4, 1912.)

1. APPEAL AND ERROR (§ 1099*)—FORMER APPEAL AS LAW OF THE CASE.

An action by a stockholder of a corporation, against the corporation and an attorney, to have a contract of retainer set aside as unconscionable and illegal, resulted in a judgment setting aside the contract, which was reversed by the Appellate Division, because the plaintiff had not demanded before suing, that the corporation institute the action, or excused the failure so to do. After an order of the Special Term, affirmed by the Appellate Division, authorizing the defendant corporation to amend its answer, by alleging substantially the same cause of action against the defendant attorney as the plaintiff had attempted to allege, there was another trial. Held, that a dismissal of the plaintiff's complaint on the ground taken in the former appeal was proper.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4370–4379; Dec. Dig. § 1099.*]

2. CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACT FOR COMPENSATION OF ATTORNEY—VALIDITY.

A contract for services to be rendered by an attorney, which required the attorney to pay all expenses of every kind incurred in the prosecution of the claim, was invalid, under Code Civ. Proc. § 74, providing that an attorney shall not promise or give a valuable consideration as an inducement to placing in his hands a claim of any kind.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

3. CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACT OF RETAINER—VALIDITY.

Though a contract of retainer provided for the prosecution of a claim before the board of assessors in proceedings for the assessment of damages for changes in streets, which is not an action within Code Civ. Proc. § 74, providing for the invalidity of a contract of retainer placing a demand, for the purpose of bringing an action thereon, in an attorney's hands, which is induced by a valuable consideration, where it also provided that the attorney's fee should be paid only from an amount recovered, the contract is within the purview of the statute, as the only method of collecting an award made by the assessors, should the city refuse payment, would be by action.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

4. ATTORNEY AND CLIENT (§ 144*)—CONTRACT OF RETAINER—CONSTRUCTION.

The language of a contract of retainer will be construed most strongly against the attorney retained, who drew the instrument.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 332, 333; Dec. Dig. § 144.*]

5. CHAMPERTY AND MAINTENANCE (§ 5*)—CONTRACT OF RETAINER—ACTION TO RESCIND—JUDGMENT.

In an action to have a contract of retainer declared invalid, the court could only rescind, and fix the value of the services rendered thereunder,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

and could not require such attorney to perform future services not provided for in the contract.

[Ed. Note.—For other cases, see Champerty and Maintenance, Cent. Dig. §§ 24–51; Dec. Dig. § 5.*]

Appeal from Special Term, Westchester County.

Action by Daniel B. McCoy against the Gas Engine & Power Company and others. From a judgment at Special Term (129 N. Y. Supp. 251), all parties appeal. Affirmed.

See, also, 133 N. Y. Supp. 1131.

Argued before HIRSCHBERG, BURR, THOMAS, CARR, and RICH, JJ.

Charles D. Millard, of Tarrytown, for plaintiff's administrators.

John F. Brennan, of Yonkers, for defendants Gas Engine & Power Co. and Charles L. Seabury & Co., Consolidated.

Benjamin Trapnell, of New York City, for defendant Flannery.

HIRSCHBERG, J. The defendant corporation, on or about the 22d day of May, 1906, retained the defendant Joseph A. Flannery, an attorney and counselor at law, to perform certain legal services. The contract of retainer was in writing, in form as follows:

"Matter of Claim of Gas Engine & Power Company for Damages under Chapter 634, Laws of 1905.

"We hereby retain Joseph A. Flannery, attorney, to represent us in the above-entitled proceeding, and for his services and expenses agree to pay said Flannery 25 per cent. of any award and interest recovered, up to and including $50,000. If said award and interest amounts to more than $50,000 and less than $100,000, said Flannery is to receive 33⅓ per cent. of the full amount recovered. If said award and interest amounts to $100,000 and less than $150,000, said Flannery is to receive 40 per cent. of the full amount recovered. If said award amounts to $150,000 or over, said Flannery is to receive one-half of the full amount recovered. It being understood and agreed that said Flannery is to pay all expenses of every kind whatsoever, including expert witness fees, surveyors' fees, engineers' fees, etc. Said fee is not to be paid until said award is paid.

"Dated New York, May 22, 1906."

The defendant Flannery, pursuant to this contract of retainer, conducted proceedings on behalf of the corporation before the board of assessors of the city of New York, resulting in an award to the defendant corporation of $306,000, no part of which award has yet been paid. This action was instituted by the plaintiff, as a stockholder of the defendant corporation, to set aside the foregoing contract of retainer on the ground that the same is unconscionable, and on the further ground that the contract is in violation of section 74 of the Code of Civil Procedure.

There have been two trials of the action. The first trial resulted in a judgment at the Special Term setting aside the contract on both grounds, and awarding Flannery $15,000 for his services. We reversed that judgment (McCoy v. Gas Engine & Power Co., 135 App. Div. 771, 119 N. Y. Supp. 864), because the plaintiff had not demanded that the corporation bring the action, and had failed to allege any facts constituting an excuse for not making such demand.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

After that reversal, the defendant corporation obtained an order at the Special Term authorizing it to amend its answer by setting forth therein substantially the same cause of action against the defendant Flannery as the plaintiff had attempted to allege in his complaint. We affirmed that order on appeal. . See McCoy v. Gas Engine & Power Co., 139 App. Div. 938, 124 N. Y. Supp. 1121. The judgment now appealed from has been entered after a trial of the issues so joined, and dismisses the complaint herein pursuant to our previous decision, and also grants the defendant corporation's prayer for relief as contained in its amended answer, by setting aside the defendant Flannery's contract of retainer on the ground that it violates section 74 of the Code of Civil Procedure. The judgment awards Flannery the sum of $30,000 as the reasonable value of the services performed by him, and provides that the same is to be paid out of the award when collected, and the judgment further provides that the defendant Flannery shall render such further legal services in behalf of the defendant corporation as may be needed to collect the award, without further compensation, if the defendant corporation elect to have him do so.

[1] All parties have appealed from this judgment; but the defendant corporation asks in its brief, and asked upon the oral argument, that the judgment be affirmed. Manifestly so much of the judgment as dismisses the complaint upon the authority of our former decision must be affirmed.

[2] We are also of opinion that the learned Special Term was right in deciding that the contract of retainer violated section 74 of the Code of Civil Procedure. That section, as it existed at the time the contract was executed, prohibited an attorney or counsel from promising or giving, or procuring to be promised or given, "a valuable consideration to any person, as an inducement to placing, or in consideration of having placed, in his hands, or in the hands of another person, a demand of any kind, for the purpose of bringing an action thereon." That section has since been amended so as to extend its inhibition to special proceedings. See section 274 of the Penal Law (Consol. Laws 1909, c. 40). It is undoubtedly true, as conceded by the parties to this action, that the promise contained in the last paragraph of the contract of retainer, whereby Flannery agreed "to pay all expenses of every kind whatsoever," was the promise of a valuable consideration to the corporation as an inducement for the placing of the claim in his hands.

[3] The appellant Flannery contends, however, that his retainer did not violate the terms of former section 74 of the Code of Civil Procedure, because the prosecution of the corporation's claim before the board of assessors was not the prosecution of an action, and because the parties to the retainer did not contemplate the bringing of an action. It is true that the prosecution of the claim before the board of assessors was not the prosecution of an action. If the legal effect of the retainer was that Flannery was merely under obligation to prosecute that claim before the board of assessors, then we should reverse the judgment in so far as it holds his contract a violation of

137 N.Y.S.—38

section 74. It seems, however, that the only method of collecting the award after the same has been made by the board of assessors, should the city refuse payment, is by action against the city. While it may very well be that the parties, at the time the contract was made, did not believe that the city would refuse to pay the award when made, nevertheless it appears certain, from the testimony of Flannery himself, that he knew the agreement obliged him to collect the award by action if necessary.

[4] The language of the retainer was chosen by Flannery, and in case of ambiguity would, in accordance with well-known canons of construction, be construed most strongly against him. An examination of the agreement shows that the amount of the contingent fee to be paid was based entirely upon the amount of the damages *recovered* by the corporation, and not upon the amount *awarded*. Thus Flannery is to receive 25 per cent. of any award and interest "recovered," up to and including $50,000. If the award is more than $50,000 and less than $100,000, he is to receive "33⅓ per cent. of the full amount *recovered*." If the award and interest amount to $100,000 and less than $150,000, he is to receive "40 per cent. of the full amount *recovered*." If the award amounts to $150,000 or over, he is to receive "one-half of the full amount *recovered*." Thus in each instance the contract carefully distinguishes between the amount of the award that may be made and the amount of it that may be recovered, and bases the fee exclusively upon the amount of the recovery. It further provides that Flannery's fee is not to be paid until the award is paid.

[5] The judgment appealed from, in addition to fixing the value of Flannery's fees at $30,000, provides that the sum so fixed is to be a lien upon the award, and that Flannery shall, at the option of the defendant corporation, perform without additional compensation any future services necessary in the collection of the award. We are of opinion that the Supreme Court has no power to rescind a contract at the instance of the defendant corporation, and provide that Flannery, the other party to the contract, must perform additional services after such rescission.

The power of the court would seem to be exhausted with the rescission of the contract and the fixing of the value of the services, and it therefore follows that the judgment should be modified, by striking out the provision requiring the performance of future services on Flannery's part, and by fixing the value of the services as heretofore performed, on the evidence adduced, at the sum of $30,000, and, as so modified, the judgment should be affirmed, without costs. All concur.