In the Matter of the Application of MENDEL N. PACK, Appellant, for an Order Compelling CHARLES K. FINCH, an Attorney at Law, Respondent, to Pay over Certain Funds.— Order denying motion to compel respondent, an attorney, to pay over certain funds affirmed, but without costs, the respondent having failed to appear or to file a brief. Neither party requested a hearing and each was satisfied to have the matter determined on affidavits. Lazansky, P. J., Young and Hagarty, JJ., concur; Carswell, J., with whom Tompkins, J., concurs, dissents, with the following memorandum: The affidavits do not disclose whether a hearing was or was not demanded. The appellant says that he should have had a hearing. The respondent does not assert that a hearing was not demanded or that the hearing is demanded for the first time on appeal. Therefore, we should conclude a hearing was demanded. Questions of fact which rest in parol are here involved and may not be decided on affidavits. There should be a hearing and these questions decided on testimony subjected to cross-examination, where the trier of the fact can pass on credibility. Settled authority and uniformity of practice require such procedure. (Matter of Speranza, 186 N. Y. 280; Matter of Ernst, 54 App. Div. 363; Matter of Sundford v. Tiernan, 215 id. 833; Dege v. Mascot Realty Corporation, 243 id. 546.) Admonition to adhere to this rule has been too recent (New York Life Ins. Co. v. Guttag Corp., 265 N. Y. 292) to excuse a disregard of it, especially

where that admonition points out the relation of the due process of law clauses in the Federal and State Constitutions to such procedure. The order is final. (*Gang v. Gang,* 253 N. Y. 356.)