Application of David **KAMERMAN**, as Attorney and Counselor at Law of the State of New York, Petitioner-Appellant, for an adjudication of said attorney's rights in the action of JBP Holding Corporation, Plaintiff-Respondent, against United States of America, Defendant-Appellee.

No. 212, Docket 25956.

United States Court of Appeals
Second Circuit.

Argued Feb. 11, 1960.

Decided May 10, 1960.

Sidney Feldshuh, New York City (Sidney Rabekoff, New York City, on the brief), for petitioner-appellant.

Warren L. Schnur, New York City, for plaintiff-respondent.

Before MOORE, Circuit Judge, and SMITH and HERLANDS, District Judges.

HERLANDS, District Judge.

The dispositive question upon this appeal is whether the appellant, an attorney, may have an attorney's lien for his professional services computed on the basis of *quantum meruit* despite the fact *arguendo* that his written retainer agreement with the respondent, pursuant to which he rendered the services, was champertous.

The appellant (referred to herein as the "petitioner") is a certified public accountant and a member of the Bar of the State of New York, with offices in New York City. The respondent, JBP Corporation (a Virginia corporation, hereinafter referred to as "JBP"), was one of the petitioner's accounting clients since 1946. As part of his accounting services, the petitioner prepared JBP's federal income tax return for the fiscal year ending

February 28, 1951; and JBP paid the tax indicated therein.

In 1953, the Commissioner of Internal Revenue assessed a deficiency in income tax due for said period. With interest, this amounted to $17,491.77. On July 20, 1953, an application for claim for refund was prepared by the petitioner, as JBP's accountant, and filed by JBP. The claim for refund was rejected on April 5, 1956. On October 15, 1956, the Appellate Division of the Regional Commissioner's Office affirmed the rejection of the refund claim.

About October 22, 1956, JBP's president, Joseph Shapiro, signed a letter-agreement retaining the petitioner as attorney to prosecute an action for tax refund. The retainer agreement read as follows:

> "David Kamerman
> "Certified Public Accountant
> "27 William Street
> "New York
>
> "WHitehall 3-5616
> "October 22, 1956
>
> "Mr. Joseph Shapiro
> "115 Central Park West
> "New York, New York
>
> "Dear Joe:
>
> "We are planning to file suit for a refund of about $17,000.00 on account of taxes paid by J.P.B. This involves the issue of rent income and depreciation for 1951. The chief question involved is the valuation of the factory and in order to sustain our case, we expect to engage an expert who will be able to give convincing evidence in court.
>
> "We would be willing to bring this suit on a contingent basis with our fee to be 50% of the total recovery. We will of course, bear the expense of the expert. ~~We will bill you for the filing fees and such other minor incidental costs as may be incurred~~

> ~~pursuant to rules of the District Court.~~
>                                    "J.S.
> "We would appreciate your signing the original of this letter to signify your consent to this proceeding. Will you please return the signed letter as soon as possible, and retain the duplicate for your files.
>                 "Very truly yours,
>                     "David Kamerman
>                 "By: Jerome Kamerman
>                     "Jerome Kamerman
> "(Sgd.) Joseph Shapiro
> "Approved by. Joseph Shapiro subject to above deletion as discussed with Mr. David Kamerman
> "JK*"PC:A
> "Encl."

In December 1956, a tax refund action was commenced in the District Court for the Southern District of New York against The United States of America. On June 9, 1958, the action was settled for $7,822.23. A Government check for that amount, payable to JBP, was delivered to the petitioner, as attorney. The said sum of $7,822.23 represented the actual tax refund of $6,054.49, plus statutory interest thereon in the amount of $1,767.74. Pursuant to a stipulation of settlement and discontinuance, the tax refund action was dismissed.

The petitioner thereupon demanded, as his fee under the retainer, fifty percent of $7,822.23, the total amount recovered. JBP was willing to apply the retainer percentage of fifty percent on the actual tax refund of $6,054.49, but not on the interest of $1,767.74. Thus, the sum of $883.87 (fifty percent of $1,767.74) became the bone of contention.

On July 8, 1958, the petitioner applied to the court below for an order "making an allowance" to him "under section 475 of the Judiciary Law of the State of New York [McKinney's Consol.Laws, c. 30, § 475]."[1] He requested

---

1  Section 475 provides:
  "§ 475. Attorney's lien in action, special or other proceeding

  "From the commencement of an action, special or other proceeding in any court or before any state, municipal or federal

the court to determine his attorney's lien on the check to be $3,911.11 "on such terms and conditions" as the court "may deem just" and to permit the petitioner to issue execution for that sum, with interest thereon from June 9, 1958.

JBP opposed the petition and cross-moved for an order directing the petitioner to pay over the check to it. On September 17, 1958, the District Court denied the petition and granted JBP's cross-motion. Upon reargument the court adhered to its original determination.

The District Judge held *sua sponte* that the retainer agreement was champertous and that the petitioner's "action in entering into this champertous contract precludes his seeking equitable re-lief from this court" but that "this does not bar recovery on a *quantum meruit* basis" (166 F.Supp. at page 327). The view thus expressed may be taken to intimate that the petitioner's only remedy was to sue at law in a plenary action,[2] inasmuch as he was disentitled to any equitable relief in the District Court incidental to the tax refund case.

At this time, it is not necessary to decide whether the retainer agreement was champertous. If it be assumed *arguendo* that the agreement was champertous, in the particular circumstances of this case the petitioner would have a lien for the reasonable value of his services.

While the authorities are divided,[3] the more widely supported view is

---

department, except a department of labor, or the service of an answer containing counterclaim, the attorney who appears for a party has a lien upon his client's cause of action, claim or counterclaim, which attaches to a verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come; and the lien cannot be affected by any settlement between the parties before or after judgment, final order or determination. The court upon the petition of the client or attorney may determine and enforce the lien."

A lien under this state statute may be determined and enforced summarily in a proceeding ancillary to the main suit in the United States District Court. See Nic Projector Corporation v. Movie-Jecktor Co., D.C.S.D.N.Y.1935, 16 F.Supp. 605, 606; Ingold v. Ingold, D.C.S.D. N.Y.1939, 30 F.Supp. 347, 348; Nolan v. Hemingway Bros. Interstate Trucking Co., D.C.S.D.N.Y.1950, 88 F.Supp. 111, 113. Section 475 is to "be treated as one establishing a substantive right." See In re Baxter & Co., 2 Cir., 1907, 154 F. 22, 25.

2. In its brief (Point I) upon this appeal, the respondent interprets Judge Dawson's ruling as having "determined that appellant was entitled to some recovery, retained jurisdiction of the matter in so far as it would be required to hold a hearing and take evidence to determine the amount of fee appellant may be entitled to on a *quantum meruit* basis. * * * It [the court] must conduct a hearing, take testimony and make a determination, all in the nature of a trial."

3. Corbin on Contracts, Vol. 6, section 1426 (1951) suggests that this variation among jurisdictions may be due to "differences in the specific conduct of the attorneys seeking compensation."

Williston on Contracts, Vol. VI, section 1713, p. 4842, note 3 (1938) comments that the decisions allowing *quantum meruit* recovery by an attorney who has rendered services under a champertous bargain "certainly indicate a very lenient attitude towards champerty."

Mixed motivations and conflicting policies require accommodation. See Note, Collateral Effects of Champertous Agreements, 27 Columbia L.Rev. 981, 985-986 (1927); Annotation, Right of Attorney to Recover Upon Quantum Meruit or Implied Contract for Services Rendered Under Champertous Contract, 85 A.L.R. 1365 (1933); Note: Attorney's Recovery for Services Under a Void or Champertous Contract, 3 Iowa L.Bull. 43 (1917).

A. L. I. Restatement, Contracts, section 545, accords with the stricter view which denies the attorney the right to recover "either the agreed compensation for his services or their value."

In Matter of Gilman's Estate, 1929, 251 N.Y. 265, at page 272, 167 N.E. 437, 440, Chief Judge Cardozo remarked:

"Distinctions may be necessary between cases where the vitiating element is separable or contingent (Matter of Snyder, 190 N.Y. 66, 82 N.E. 742, 14 L.R.A., [N. S.,] 1101, 123 Am.St.Rep. 533, 13 Ann. Cas. 441) and cases where it goes to the

that an attorney may recover upon the basis of *quantum meruit* for professional services rendered by him under a champertous retainer agreement.

The next proposition—that the attorney has a lien for an amount computed on a *quantum meruit* basis, notwithstanding the champertous retainer agreement—was squarely adopted in McCoy v. Gas Engine & Power Co., 2d Dept. 1912, 152 App.Div. 642, 137 N.Y.S. 591, affirmed unanimously without opinion 1913, 208 N.Y. 631, 102 N.E. 1106. In McCoy, the attorney had been retained under a written agreement providing *inter alia* for the attorney to pay all expenses of every kind involved in the litigation, including fees of expert witnesses. The attorney succeeded in obtaining an award from the New York City Board of Assessors. The corporate client joined one of its stockholders in an equity action to rescind and annul the retainer on the ground that the retainer violated the champerty prohibition of section 74 of the then Code of Civil Procedure [4] [now section 274 of the New York Penal Law, McKinney's Consol.Laws, c. 40, § 274]. The retainer was set aside but the attorney was awarded $30,000. "as the reasonable value of the services performed by him" and "the sum so fixed" was "to be a lien upon the award" (152 App.Div. at pages 644, 646, 137 N.Y.S. at page 593).

Accordingly, the order denying petitioner-appellant's motion for an allowance of counsel fees under Section 475 of the Judiciary Law of the State of New York and granting the cross-motion of plaintiff-respondent is reversed and the case remanded to the district court for a determination of the amount, if any, of petitioner's lien on the basis of *quantum meruit*.

essence of the service. We make no attempt at this time to draw the line of demarcation."

In Matter of Snyder, 1907, 190 N.Y. 66, 69, 74–75, 82 N.E. 742, 14 L.R.A.,N.S., 1101, the court granted *quantum meruit* recovery to the attorney despite the fact that the retainer was held void as against public policy because it contained a provision precluding the client from settling the case without the attorney's consent. To the same effect, see Syme v. Terry & Tench Co., 2d Dept. 1908, 125 App.Div. 610, 613, 110 N.Y.S. 25.

In Watkins v. Sedberry, 1922, 261 U.S. 571, 577, 43 S.Ct. 411, 413, 67 L.Ed. 802, the Court said, with respect to a champertous retainer:

"The making of the contract was not *malum in se*. The attorney's right to fair and reasonable compensation is not forfeited. [Citing cases.]"

4. Section 74 of the Code of Civil Procedure (Bliss' New York Annotated Code, Fifth Edition, Vol. 1) provided:

"§ 74. *Attorney must not pay to procure claims for suit.*

"An attorney or counsellor shall not, by himself, or by or in the name of another person, either before or after action brought, promise to give, or procure to be promised or given, a valuable consideration to any person, as an inducement to placing, or in consideration of having placed in his hands, or in the hands of another person, a demand of any kind, for the purpose of bringing an action thereon * * *"

Section 75 of the Code of Civil Procedure provided:

"§ 75. *Penalty for violation of last two sections.*

"An attorney or counsellor who violates either of the last two sections, is guilty of a misdemeanor; and, on conviction thereof, shall be punished accordingly, and must be removed from office by the supreme court."

Section 136 of the then New York Penal Code (L.1881, ch. 676) also made the same acts a misdemeanor. The foregoing provisions of the Code of Civil Procedure and the Penal Code have been consolidated in present section 274 of the New York Penal Law.