In the Matter of TERIJON WEITLING, Respondent.

JULIAN A. GREGORY et al., Copartners under the Firm Name of GREGORY, STEWART & MONTGOMERY, Appellants.

(Argued January 8, 1935; decided January 22, 1935.)

*W. Randolph Montgomery* and *Benjamin A. Matthews* for appellants. Appellants are entitled to retain the papers until the reasonable value of their services has been paid. (*Robinson* v. *Rogers,* 237 N. Y. 467; *Matter of Sebring,* 238 App. Div. 281; *Matter of Krooks,* 257 N. Y. 329; *Matter of Tillman,* 259 N. Y. 133.) The court erred in destroying appellants' retaining lien without taking testimony or affording an opportunity for cross-examination. (*Matter of H——, an Attorney,* 87 N. Y. 521; *Matter of Eldridge,* 82 N. Y. 161; *Matter of Speranza,* 186 N. Y. 280; *Matter of Knapp,* 85 N. Y. 284.)

*F. Campbell Jeffery* for respondent. The Special Term had the right to exercise its discretion in the matter. (*Bloom* v. *Irving Trust Co.,* 152 Misc. Rep. 50; *Matter of Badger,* 9 Fed. Rep. [2d] 560; *Matter of Lydig,* 262 N. Y. 408.)

HUBBS, J. Appellants, who are attorneys at law, were retained by respondent to commence and prosecute an action to recover on a claim for $72,761.89 with interest. The retainer was upon a contingent fee. The appellants performed extensive services under their contract of employment, including a jury trial and an appeal to the

Appellate Division. They paid out for expenses over one thousand dollars.

The respondent became dissatisfied with their services and retained other counsel who demanded that the papers and documents in connection with the action be surrendered to him. Appellants wrote a letter to respondent saying that if it was his wish to substitute other counsel they had no objection provided he compensated them for the services which they had rendered. Without paying appellants for services rendered, the respondent made a motion to compel the appellants to deliver to him all papers connected with the action. Respondent's affidavit served upon appellants with the notice of motion charged the appellants with unprofessional conduct as attorneys in the conduct of the action. Those charges were denied by appellants who resisted the respondent's motion upon the ground that they should not be deprived of their retaining lien by being compelled to surrender the papers upon which, as attorneys, they had a valid retaining lien, until they were paid the fair and reasonable value of the services which they had rendered.

The lien which they possessed was a valuable right given by law to secure them for the payment of the reasonable value of the services which they had rendered as attorneys in the action. (*Robinson* v. *Rogers*, 237 N. Y. 467.)

The fact that their retainer provided for the payment of a contingent fee did not affect the validity of their lien. Upon their discharge they were entitled to be paid the fair and reasonable value of the services which they had rendered upon the basis of a *quantum meruit*. (*Matter of Krooks*, 257 N. Y. 329.)

A client is at liberty to change his attorney and cancel the contract of retainer whenever he, for any reason, is dissatisfied and desires to do so. He can only do so, however, upon payment for services rendered. In the absence of such payment, the retaining lien remains in

force and the attorney cannot be compelled to surrender the papers in relation to the action in his possession, in the absence of unprofessional conduct on his part.

It is clear that in the absence of a finding of misconduct, the Special Term would not have been justified in granting an order requiring appellants to surrender the papers in their possession without providing in some adequate way for their compensation. It is urged by respondent that the Special Term was justified on the affidavits presented in finding such misconduct, and, therefore, that the order was proper. It is not clear that the Special Term so found. The order appointed a referee to determine the amount of appellants' charging lien, if any. The making of such order is entirely inconsistent with the contention of respondent that the Special Term determined on the affidavits submitted that appellants had been guilty of unprofessional conduct in the conduct of respondent's case. If appellants had been found to have been guilty of unprofessional conduct which justified an order depriving them of their retaining lien, the same finding would deprive them of their charging lien. In any event, the Special Term should not have so found on the affidavits presented. It is a serious matter to charge an attorney with such unprofessional conduct as will entitle a client to a surrender of papers in his possession without the payment of his fair and just compensation. Ordinarily where the charge of misconduct is denied in detail, the issue should not be determined upon conflicting affidavits alone. Testimony should be taken and the issue should be heard by the court or the matter sent to a referee. In a matter of such importance, the witnesses should be produced in court subject to cross-examination. (*New York Life Ins. Co. v. Guttag Corp.*, 265 N. Y. 292; *Matter of Eldridge*, 82 N. Y. 161; *Matter of H———, an Attorney*, 87 N. Y. 521.)

The fact that the Special Term recognized the right of the appellants to be heard upon the issue as to whether they possessed a charging lien and if so, the amount, and

sent that question to a referee, did not justify the court in deciding without a proper hearing that they were not entitled to a retaining lien.

The order of the Appellate Division and that of the Special Term should be reversed, with costs to the appellants in all courts, and the matter remitted to the Special Term to proceed in accordance with this opinion.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH and LOUGHRAN, JJ., concur; FINCH, J., not sitting.

Ordered accordingly.