JAMES J. DONOHUE, Appellant, v. FLORENCE M. DONOHUE, Respondent. (Appeal No. 2.) — Order granting defendant's motion to take the testimony of a witness under section 288 of the Civil Practice Act, on the ground that special circumstances exist therefor, affirmed, with ten dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

MARGARET HANNON, Respondent, v. THE CITY OF NEW YORK, Appellant.— Judgment for plaintiff in an action to recover damages for personal injuries sustained when she fell down a stairway of a ferry boat owned and operated by defendant unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.

GEORGE HOFMANN, Respondent, v. NEW YORK AND QUEENS ELECTRIC LIGHT AND POWER COMPANY, Defendant; KATZMAN & CHASSEN, Attorneys, Appellants. — Order of January 29, 1936, making substitution of attorneys, reversed on the law and the facts, without costs, and the matter remitted to Special Term to determine the value of the services of the original attorneys for the plaintiff (the appellants herein) on the basis of *quantum meruit* and fixing a lien therefor on the cause of action, to be paid out of any recovery that is had by compromise or judgment. The original attorneys have a retaining lien on the papers in their possession until the value of their services is fixed. (*Matter of Weitling*, 266 N. Y. 184.) They have disbursed in the action on account of the plaintiff the sum of eighty-eight dollars, which is not disputed, and this sum should be paid before the attorneys are required to surrender possession of the papers. The plaintiff, if dissatisfied, is entitled to have another attorney substituted and the papers delivered to him, but only on condition that the lien of the attorneys shall first be fixed. (See *Matter of Krooks*, 257 N. Y. 329; *Kiefer* v. *Schwamb*, 242 App. Div. 636.) Appeal from the order of February 7, 1936, denying reargument, dismissed, without costs. The order is not appealable. Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ., concur.

In the Matter of the Application of JULIUS GORDON, MITZI ABER and ABE ABER, Appellants, for a Mandamus Order against ALFRED J. HOFMANN, City Magistrate of the City of New York, Respondent.— Order denying petitioners' motion for an alternative or peremptory order of mandamus directing the respondent — a city magistrate — to make a return to all the matters specified as grounds of error in the notice of appeal unanimously affirmed, in the exercise of discretion, without costs. For the purpose of an appeal a conviction shall be deemed a final judgment although sentence may have been suspended (Inferior Criminal Courts Act, § 41). The notice of appeal was not served as provided in the statute (Inferior Criminal Courts Act, § 42). While the determination of the question whether the appeal was properly taken is for the appellate court upon a motion to dismiss the appeal (*People ex rel. Trost* v. *Bird*, 184 App. Div. 779), mandamus is an extraordinary remedy not demandable as matter of right but rests in the sound discretion of the court. (*Matter of Brooklyn Improvement Co.* v. *Pounds*, 174 App. Div. 448; *People ex rel. D. L. I. Co.* v. *Jeroloman*, 139 N. Y. 14; *People ex rel. Wood* v. *Assessors, etc.*, 137 id. 201.) The court will not grant a mandamus which would be fruitless and ineffectual. (*People* v. *Tremain*, 29 Barb. 96.) Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.