In the Matter of the Application of Beckie Korn, Dorothy Korn Honig, Jack A. Korn, Rubin Korn, Joseph S. Korn, Gerry Finance Corporation, Williamsburg Electric Supply Corp., Royal Finance Co. and Benjamin Korn, Inc., Respondents, for an Order Directing M. Allen Cutler, an Attorney, Appellant, to Turn over Certain Papers and Moneys.— Proceeding instituted by petitioners summarily to compel their attorney to pay to them moneys collected by him. The attorney, pursuant to section 475 of the Judiciary Law, applied for a determination and enforcement of his alleged lien upon those moneys and certain papers in his possession. An order was entered which *inter alia* (a) fixed his lien on a percentage and not on a cash basis, (b) directed him to deliver to his clients papers in the cases in respect of which the alleged lien was to be determined and enforced, and (c) directed him forthwith to pay to his clients the moneys thus in his hands belonging to them and derived from cases other than those in which he asserts such lien. From so much of that order as thus fixed his lien, directed delivery of papers and payment of moneys, the attorney appeals. Order modified by striking therefrom the provisions (1) to the effect that the attorney, here appellant, is entitled to a lien of ten per cent of any and all moneys collected by petitioners except what is used to pay the premium provided in item " O " of the official referee's report, said lien to be in lieu of any lien for counsel fees, interest and costs; (2) by ratifying the official referee's report in all other respects, in so far only as that provision ratifies the recommendation " O " of the report of the official referee; and (3) by directing that the attorney pay over to the petitioners the sum of $1,158.40 less any sum of this amount as is in excess of the net amount due to the respective petitioners in each case, plus the disbursements advanced by said petitioners, and the balance shall be paid over to the respective petitioner forthwith, and otherwise as in that provision stated. As thus modified the order, in so far as appealed from, is affirmed, with ten dollars costs and disbursements to the appellant. Proceeding remitted to the Special Term to take proof of the value,

whether nominal or substantial, on a *quantum meruit* basis, of the attorney's services in the several actions instituted by him and pending undetermined at the time of the termination of his written contract as attorney, and in the several other actions in which judgments have been recovered, executions issued and supplementary proceedings had, resulting in no collections, in which latter group of actions his services were of nominal value only; to fix the amount of his lien, if any, and to make such further direction in the premises as may be in accordance with law upon the proofs to be taken. The order thus in part appealed from erroneously fixed the compensation of the attorney upon a percentage rather than upon a cash basis and erroneously directed the turnover of the moneys in his possession, upon such fixation. Upon the termination of his written contract, he was entitled, for his services, except those within the purview of his yearly retainer, to be paid in cash for the reasonable value of such services on the basis of a *quantum meruit.* (*Matter of Weitling*, 266 N. Y. 184; *Matter of Krooks*, 257 id. 329; *Matter of Montgomery*, 272 id. 323; *Matter of Tillman*, 259 id. 133; *Lurie v. New Amsterdam Casualty Co.*, 270 id. 379; *Hofmann* v. *New York & Queens Electric Light & Power Co.*, 247 App. Div. 819.) The attorney had a lien on the moneys and papers in his possession for such reasonable value. The provision of the order for the giving of a bond was erroneous. (*Robinson* v. *Rogers*, 237 N. Y. 467.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur. [See *post*, p. 978.]