## LAWRENCE v. COMMODORE NAVIGATION CORPORATION.
### No. 124.

Circuit Court of Appeals, Second Circuit.
Jan. 2, 1940.

Abraham M. Fisch, of New York City, pro se. and for plaintiff.

Lynch & Hagen, of New York City, (Anthony V. Lynch, Jr., and John S. Bull, both of New York City, of counsel), for appellee Commodore Navigation Corp.

564

Before L. HAND, CHASE, and PATTERSON, Circuit Judges.

CHASE, Circuit Judge.

Abraham M. Fisch, an attorney-at-law, brought a suit in the District Court for the Southern District of New York as attorney for Larry Lawrence, the plaintiff, against Commodore Navigation Corporation to recover the damages sustained by Lawrence when he was severely burned by an explosion while acting as engineer on the defendant's motor vessel "Helen". The suit was later settled by Lawrence without his attorney's knowledge for the sum of $5000 paid to him by the defendant's insurer. Thereupon the appellant filed a petition to have his attorney's lien determined pursuant to Sec. 475 of the New York Judiciary Law, Consol.Laws, c. 30. There was a reference to a special master who took evidence and filed his report recommending a denial of the petition. The petitioner moved to reopen for the purpose of introducing further evidence. The court confirmed the report of the special master and orders were entered denying both the petition and the motion and the settlement of the action was noted. This appeal followed.

■ The special master found that Lawrence did not retain the petitioner to act as his attorney. A printed form of retainer was introduced which the petitioner's evidence tended to show was signed by Lawrence by his mark in the presence of one Schiffman, an attorney employed by petitioner. If this was executed by Lawrence it did show that he retained the petitioner to act as his attorney in the matter and agreed to pay him fifty per centum of whatever he should recover with or without suit. The defendant's evidence tended to show that Lawrence not only did not make his mark as claimed but that he was then physically unable to do so because of his injuries. Whether he did or not is wholly a question of fact and the evidence, though conflicting sharply, so well supports the finding made by the special master and confirmed by the court below that we find no reason for disturbing it.

But without so deciding, if we should assume for the purpose of this appeal that the contrary is true and that Lawrence did execute the retainer as claimed, the result of this appeal would not be more favorable to the petitioner because the special master also found on the testimony of Schiffman that, acting for the petitioner, he agreed, if there were no recovery, not only to charge Lawrence nothing for services but also to make no charge to him for disbursements as well. It is true that later Schiffman changed his testimony in this respect but his stated reason for so doing was so weak that the special master did not believe him and there was no good reason why he should have treated his later testimony as more than a feeble attempt to undo a most damaging admission he had previously made and which did reveal the truth.

■ This finding, amply supported, shows that the retainer relied on by the petitioner, if actually signed by Lawrence by means of his mark, was champertous and void. In re Gilman's Administratrix, 251 N.Y. 265, 167 N.E. 437. The additional evidence the petitioner sought to introduce related only to whether or not the mark on the retainer was made by Lawrence and, as the retainer, on which the petitioner solely relies, was void in any event, the denial of the motion to reopen the proceedings was without error.

Both orders are affirmed.