## NOLAN v. HEMINGWAY BROS. INTERSTATE TRUCKING CO. et al.
### Civ. No. 49–767.

United States District Court
S. D. New York.
Jan. 21, 1950.

112

Harrington, Silber & Mulvey, New York City, for plaintiff, John F. Mulvey, New York City, of counsel.

IRVING R. KAUFMAN, District Judge.

Plaintiff seeks an order substituting the firm of Harrington, Silber & Mulvey, in place of her present attorney, James A. Corcoran, in the present action, and for a further order fixing the fee of the retiring attorney.

The dispute has arisen over a difference of opinion as to the conduct of the case between the plaintiff and her present attorney. Plaintiff contends on one hand that her present attorney in this negligence suit has insisted that she accept an offer of $7,000 to settle the case. Plaintiff states that the amount is inadequate and in substantiation thereof points out that her special damages to date amount to more than $4,900 and this without any consideration of such items of damages as pain, suffering, disability and permanency of injuries. Her present attorney justifies his position by stating that in his opinion the case will be lost if it is tried. Since plaintiff firmly believes that her injuries were of such a substantial nature as to warrant a greater recovery than that offered in behalf of the defendant, and since her counsel thought the proposed compensation adequate, and that if the case proceeded to trial plaintiff would lose, plaintiff was compelled to seek retention of substitute counsel.

Both sides are in agreement that the client has the right to discharge an attorney at any stage of litigation. However, the present counsel insists that the discharge and substitution of attorneys is conditioned upon the client paying the outgoing attorney his fees on a quantum meruit basis; that in view of the fact counsel had obtained a firm offer of $7,000, which counsel says was accepted by the plaintiff but which acceptance is denied by her, and which denial seems substantiated by her refusal to sign a general release, his fee should be based upon the retainer arrangement existing between his client and

James A. Corcoran, New York City, of Record, for plaintiff, William J. Corcoran (of Levy, Galotta & Corcoran), New York City, of counsel.

himself, to wit, one-third of any recovery, or, in this instance, one-third of $7,000.

The plaintiff agrees that the fee of the outgoing attorney should be fixed by this Court on a quantum meruit basis but with certain limitations. Plaintiff says that the amount fixed for the fee of the outgoing counsel should be in the form of a lien against any recovery whether by suit or judgment made on behalf of the plaintiff.

■ The power of the Court to determine and enforce a lien of an attorney is fixed by Section 475 of the Judiciary Law of New York State, Consol.Laws, c. 30. The section is applicable in the Federal Court. Nic Projector Corporation v. Movie-Jecktor Co., D.C.S.D.N.Y.1935, 16 F.Supp. 605; Ingold v. Ingold, D.C.S.D. N.Y.1939, 30 F.Supp. 347. See also Brown et al. v. Gerdes, 1944, 321 U.S. 178, 64 S.Ct. 487, 88 L.Ed. 659. The lien given to the attorney by section 475 is a charging lien. See In re Cooper, 1943, 291 N.Y. 255, 52 N.E.2d 421; Goldman v. Rafel Estates, 1st Dept. 1945, 269 App.Div. 647, 58 N.Y. S.2d 168; Boelsen v. Boelsen, Sup.1944, 51 N.Y.S.2d 867.

■ However, an attorney has a retaining lien, wholly apart from section 475, upon papers in his possession belonging to the client which came into his possession in the course of his professional employment until he is paid whatever is due him for services rendered. In re Weitling, 1935, 266 N.Y. 184, 194 N.E. 401; Goldman v. Rafel Estates, supra; Application of Korn, 2d Dept. 1938, 255 App.Div. 870, 978, 7 N.Y.S.2d 669; Application of Kellogg, Emery & Innes-Brown, Sup., 1942, 33 N.Y.S.2d 949, affirmed 264 App.Div. 852, 36 N.Y.S.2d 420, reversed on other grounds, 290 N.Y. 468, 49 N.E.2d 718; In re Ackerman's Estate, Sur.1917, 166 N.Y.S. 1080; Harris v. Karavas, Sup.1949, 86 N.Y.S.2d 9; see In re Cooper, 1943, 291 N.Y. 255, 260, 52 N.E.2d 421.

It is apparent, therefore, at the outset, that the problem concerning the liens should be disposed of. If any moneys are due to an attorney for services rendered and he has papers in his possession belonging to his client, these papers may be retained until the moneys due are paid. (See cases cited above.) However, an additional lien is given under section 475. This is the lien known as the charging lien and this attaches to the "verdict, report, determination, decision, judgment or final order in his client's favor, and the proceeds thereof in whatever hands they may come."

■ The cases cited in the present counsel's memorandum of law all stand for the generally accepted principle that the attorney being discharged need not wait for the outcome of the litigation until the value of his services is fixed; that his cause of action arises upon the discharge. Tillman v. Komar, 1932, 259 N.Y. 133, 181 N.E. 75; Martucci v. Brooklyn Children's Aid Society, 1940, 284 N.Y. 408, 31 N.E.2d 506; In re Ackerson, Sup.1944, 50 N.Y.S. 2d 359.

It should be noted that the attorney's right to a lien presupposes that there was not just cause for his discharge. In the instant case there is an honest dispute between the plaintiff and her attorney—both in good conscience think that they are right. The attorney insists that the plaintiff is making a serious blunder by continuing her litigation. Plaintiff insists that her attorney is guilty of a serious mistake in judgment in urging the acceptance of the amount offered in settlement and in advising her that she will lose on a trial. Only a trial of the cause will establish with any degree of finality whether the attorney is correct in his assertion. Therefore, based on the papers before me, I shall assume that both the plaintiff and her present attorney are acting in absolutely good faith.

As I have stated, the plaintiff has a right nevertheless to discharge her attorney at any stage in the proceeding, no matter how arbitrary such discharge.

■ Plaintiff having elected to discharge her present attorney, it is now incumbent upon the Court to fix his lien based upon quantum meruit.

The accident in this case occurred on April 13, 1949, at 96th Street and Amsterdam Avenue, in the Borough of Manhattan, City of New York. Following the accident

the plaintiff was taken to Roosevelt Hospital and remained there until May 9, 1949, and thereafter was confined to the Burke Foundation Sanitarium for a period of three weeks and two days. The present attorney for the plaintiff was not called in especially for this litigation. He had represented the plaintiff in another matter. Plaintiff had retained still another attorney in connection with the negligence suit. This other attorney, who had instituted the suit and who had caused some investigation to be made, subsequently had his lien fixed by agreement with the present attorney at 5% of the recovery plus disbursements of $128. The present attorney, after the substitution and by agreement with the plaintiff, retained one William J. Corcoran to work with him and to take over the conduct of this negligence case. Counsel and his co-counsel, from approximately the beginning of May to the end of October 1949, spent considerable time in preparing the case, discussing it with insurance company representatives, obtaining the offers which apparently commenced with $3,000 and then went to $7,000 and generally did all they could to serve her welfare. The associate counsel visited Roosevelt Hospital in which he spent half a day and made verbatim copies of the hospital charts; arranged for plaintiff's examination by a physician which examination he personally attended for several hours; prepared a verified bill of particulars; investigated the facts; visited the scene of the accident to seek witnesses; visited the office of the Massachusetts Bonding & Insurance Company and had several conferences with their representatives; had conferences with the original attorney, Mr. Philip F. DiCostanzo, in order to fix the amount of his fees; had conferences with the attorney for the Roosevelt Hospital in order to have them reduce the amount of their lien and conferred several times with a person in the proposed firm of substituted attorneys, one John F. Mulvey.

■ However, undoubtedly much still remains to be done if this case should proceed to trial. Indeed, as much effort, if not more, will be put forward by the proposed substituted attorneys if this case is required to proceed to trial. This element must be considered by the Court in determining the reasonableness of present counsel's fee, for, on the state of the record, no conclusive result has as yet been obtained for the plaintiff. See Matter of Krooks, 1931, 257 N.Y. 329, 178 N.E. 548.

Indeed, the plaintiff may never recover anything by reason of her decision to change counsel because ultimately the present counsel's judgment may prove to be correct and to fix a fee for counsel which would not be mindful of the anticipated efforts to be exerted in this litigation, in addition to those already exerted would not, in the opinion of this Court be giving due regard to all of the factors which should be considered in fixing a fee in a litigated matter, based on quantum meruit, for, truly, the best time to judge the value of the services of present counsel will really be when the entire litigation is terminated, because then will it first be apparent how sound was counsel's judgment in advising the settlement, and how fruitful his efforts in preparation.

■ However, this Court apparently has no alternative under the existing state of the law but to proceed to fix the reasonable value of present counsel's services as of the time of substitution of the attorneys. Being mindful of all of the factors in this case, the reasonable value of the services of present counsel is fixed at $750. The substitution of the firm of Harrington, Silber & Mulvey of 233 Broadway, in lieu of and in place of James A. Corcoran of 11 Park Place is directed. Settle order in accordance with this opinion on two days' notice.