In re HOY'S CLAIM.
THURSTON v. HUTCHINSON.
Civ. A. No. 8466.

United States District Court
D. Massachusetts.

Oct. 3, 1950.

Supplemental Opinion Oct. 4, 1950.

James M. Hoy, Boston, Mass., for plaintiff.

W. W. Jump, Boston, Mass., for defendant.

**WYZANSKI, District Judge.**

Hutchinson, a citizen of Massachusetts, injured Thurston, a citizen of Maine. The latter while in Massachusetts engaged Hoy as his attorney. Hoy on Thurston's behalf entered on June 28, 1949 a complaint in this Court against Hutchinson. On the same day in consideration of $10,400 Thurston released Hutchinson from all actions arising out of the injury. On June 28 or 29 Thurston discharged Hoy as counsel. Hutchinson thereupon filed a motion to dismiss Thurston's complaint. Hoy filed an opposing "motion to arrest the judgment" on the grounds that he "is filing" in the state court a suit "to establish the fair value of his services" rendered Thurston, and in that connection "to establish also an attorney's lien for such services" pursuant to Mass. G.L.(Ter.Ed.) c. 221, § 50. Both motions are before this Court.

■■ The first question is whether prior to the release Hoy had a lien on his client's cause of action. The statute purports to confer an attorney's lien upon a cause of action regardless of whether suit upon the cause of action is brought in the federal or the state courts. Mass. G.L.(Ter.Ed.) c. 221, § 50, provides that "From the authorized commencement of an action * * * in any court * * * the attorney * * shall have a lien * * * upon his client's cause of action * * *." And there is no reason to deny the statute the application to federal suits which it apparently seeks. For the right given to the attorney—the security conferred—is not a procedural, but a substantive right. Woodbury v. Andrew Jergens Co., 2d Cir., 69 F.2d 49; Nolan v. Hemingway Bros. Interstate Trucking Co., D.C.S.D.N.Y., 88 F.Supp. 111. It follows that if—as the present record indicates, though the point is not here decided and needs further exploration—Hoy filed the complaint in this Court even one minute before Thurston released Hutchinson, Hoy had a lien upon Thurston's cause of action.

■ The second question is whether this federal court can determine and enforce a lien conferred by Mass.G.L.(Ter.Ed.) c. 221, § 50. The answer is that if the federal court has jurisdiction of the client's cause of action—as it has in the instant case because Hutchinson and Thurston are citizens of different states and more than $3,000 is in controversy—it has ancillary jurisdiction over the lien controversy even if there is not diversity of citizenship or a dispute of $3,000 between the attorney and his client. Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49.

■ The third question is whether if Hoy had a lien he lost it in this case because behind his back his client has released his own cause of action against Hutchinson. The answer is that while the release may have discharged Hutchinson's liability to Thurston, it left Hutchinson liable to Hoy if Hoy filed the complaint before the release was executed and if Hutchinson knew that fact. As Judge Learned Hand said in a similar situation, "This lien made it impossible finally to dispose of the suit without his [the attorney's] consent; the defendant was charged with notice of it [the lien], and he [the attorney] could have forced it [the defendant] to pay a second time, had it [the defendant] disregarded his [the attorney's] rights." Woodbury v. Andrew Jergens Co., 2 Cir., 69 F.2d 49, 50.

From this analysis it follows that in the face of Hoy's objection and until it is determined whether Thurston released Hutchinson before Hoy filed suit on Thurston's behalf and before Hutchinson knew of the filing Hutchinson is not entitled to have judgment entered dismissing the action with prejudice. Friedman v. Harris, 81 U.S. App.D.C. 317, 158 F.2d 187. Hoy remains free to press in this Court or elsewhere against Hutchinson up to the extent of his lien his claim for services rendered to Thurston. Hoy also remains free to press here or elsewhere against Thurston his claim for services rendered him less any amount collected from Hutchinson.

Hutchinson's motion to dismiss denied; Hoy's motion in arrest of judgment granted.

### Supplemental Opinion

A further word should be said on the first point in my main opinion—the applicability of Mass.G.L.(Ter.Ed.) c. 221, § 50, to a cause of action brought in the federal court on the basis of the diversity jurisdiction clause.

I have already noted that in my view a rule which confers upon an attorney a lien upon his client's cause gives the attorney a new security and therefore is a rule of substantive law and not of procedural law. Support for this view is found in Cohen v. Beneficial Loan Corp., 337 U.S. 541, 555, 69 S.Ct. 1221, 93 L.Ed. 1528. That case held that a state law requiring a plaintiff stockholder to give security for costs is a rule of substantive law which a federal court must apply in a case brought within its diversity jurisdiction.

But does it do violence to Article III of the United States Constitution and to the Supremacy Clause of Article VI of the United States Constitution for a state legislature to regulate the substantive relationship between a litigant in the federal courts and his counsel? It might be argued that (1) it is the United States Court acting under Article III of the United States Constitution and statutes and rules pursuant thereto that admits the attorney to practice before it, (2) his conduct and his rights in connection with litigation in United States Courts are, therefore, the *exclusive* concern of the United States and (3) because of the Supremacy Clause of Article VI of the United States Constitution no state can govern the relationship of the attorney and of the client in the United States Courts. The crucial statement in the foregoing sentence is the second proposition.

■ *Without in any way intimating any view as to what is the situation where the attorney represents the client in connection with a cause of action which arises out of a federal statute, which is not homologous to a cause of action arising out of state law and which is justiciable only in a United States Court,* I direct my attention to the precise issue whether the relationship between an attorney and client in a cause of action brought in the federal court on the basis of its diversity jurisdiction is the *exclusive* concern of the United States Courts. It seems to me that it is not. In such a case the federal court applies the rules laid down by the law of the state of the forum. Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487. And in such a case the attorney is usually free to present his client's cause to either a federal or a state court. Therefore it seems to me that the relationship of the attorney and client to such a case is not the exclusive concern of the United States. It may be that in this diversity jurisdiction field where the nation and the state have concurrent interests, if the nation's interest finds expression in an Act of Congress, Rule of Court or Executive Order that expression would be *paramount* and any contrary state rule or even any consistent state rule in the same field would be precluded by United States Constitution Article VI. Cf. International Union of United Automobile, Aircraft and Agricultural Implement Workers v. O'Brien, 339 U.S. 454, 70 S.Ct. 781; United States v. Pink, 315 U.S. 203, 62 S.Ct. 552, 86 L.Ed. 796. However, the situation just imagined does not now exist. Neither the Congress, nor the United States Courts nor the Executive of the United States has sought

to regulate the right of an attorney in a diversity jurisdiction case to have a lien on his client's cause of action. In this silence, the state rule governs the attorney's right to a lien in a diversity jurisdiction case.