In the Matter of MEYER WEISS, Appellant. JOHN J. TULLMAN et al., Respondents.

First Department, June 21, 1960.

*Benjamin J. Taruskin* for appellant.

*Benjamin H. Siff* of counsel (*John J. Tullman,* in person, attorney), for respondents.

*Per Curiam.* This proceeding was brought by the client under section 475 of the Judiciary Law to fix an attorneys' lien for services rendered by respondents in a malpractice action. Petitioner client appeals from an order granting respondent attorneys a fee equivalent to 40% of the net recovery received upon the settlement of the action.

In September, 1955 the parties entered into a retainer agreement under which the client agreed to pay the attorneys 40% of any sums recovered in the malpractice action. The retainer made no provision with respect to disbursements.

In November, 1958, during the trial, the malpractice action was settled for $58,000. The attorneys deducted their expenses and disbursements ($3,090.85) and 40% of the balance ($21,963.66) and remitted the remaining sum to the client ($32,945.49).

The client brought this proceeding in August, 1959. He alleged that under the retainer arrangement respondents were not entitled to disbursements. The client's affidavit states that a proposed retainer agreement providing for reimbursement of the attorneys' expenses was rejected by him and it was only then that the retainer making no provision for disbursements was executed.

The client also relied on Special Rule 4 of the rules of this court relating to contingent fees in claims and actions for personal injury and wrongful death. He claimed that, under the rule, the attorneys were entitled to either 33⅓%* of the settlement or the amount provided for by the graduated fee schedule, plus such sum as might be allowed by the court upon a showing by respondents of extraordinary circumstances.

The attorneys filed a cross motion for compensation greater than that provided for by the schedule. They submitted a lengthy affidavit in support of the contention that the case was a difficult one and had required extensive preparation. They did not deny the client's allegations that their expenses were not to be reimbursed, but urged that the retainer agreement properly construed entitled them to their disbursements in addition to the 40% contingent fee for their services.

The Trial Justice found that extraordinary circumstances were present and that the 40% retainer agreement was fair and reasonable. With respect to the retainer agreement, it was concluded that an agreement by the attorneys to pay for their disbursements would be champertous under section 274 of the Penal Law and that no such illegal intent would be inferred. No finding was made as to whether the client's allegations were true or false. Both the client's application to fix the attorneys' lien and the attorneys' cross motion under rule 4 were granted, and the attorneys were authorized to retain the sums kept by them from the settlement.

The order should be reversed, and the matter remitted for further proceedings.

The client's undenied allegations of a champertous fee arrangement should not have been minimized. If the allegations are true, the attorneys should be directed to pay all the funds they retained to the client (cf. *Lawrence* v. *Commodore Nav. Corp.*, 108 F. 2d 563 [2d Cir.]; *J B P Holding Corp.* v. *United States*, 166 F. Supp. 324, 327 [S. D. N. Y.]; 1907 Atty. Gen. 300, 304). The attorneys would have no standing either under section 475 of the Judiciary Law or under rule 4 (cf. *Dudar* v. *Milef*

---

\* Actually, under the rule, the 33⅓% fee is available only if so provided in the original retainer.

*Realty Corp.*, 227 App. Div. 279; *Matter of Weitling*, 266 N. Y. 184, 187). Their remedy, if any, would be by plenary action based on a *quantum meruit* theory of recovery (see *McCoy v. Gas Engine & Power Co.*, 152 App. Div. 642, affd. 208 N. Y. 631; *Harvey v. Dodge Corp.*, 169 Misc. 781, 783; 3 N. Y. Juris., Attorney and Client, § 125; 14 C. J. S., Champerty and Maintenance, § 47; but, see, *Matter of Gilman*, 251 N. Y. 265, 272; 6 Williston, Contracts [rev. ed.], § 1713; semble, contra; Restatement, Contracts, § 545; 6 Corbin, Contracts, § 1426).

However, since the failure to deny the allegations of champerty may have been inadvertent or thought to be unnecessary, in the exercise of discretion, the attorneys should be granted an opportunity to supplement the papers submitted on the motions (Civ. Prac. Act, § 105). In the event the attorneys avail themselves of this privilege, and the champertous allegations are denied, a hearing would be required (*Matter of Weitling*, 266 N. Y. 184, 187, *supra*; cf. *Matter of Lessig*, 165 Misc. 706, 707).

Should it eventually be found, after the hearing, that the fee arrangement was not champertous, the attorneys' application under rule 4 may be considered.

Ordinarily, of course, a client should not be required to bring a proceeding such as this one. In the ordinary case, if an attorney believes himself entitled to a fee in excess of that provided for by the graduated fee schedule, he must take the initiative and make a prompt application to the court. Otherwise, he would be deemed to have waived his right to seek additional compensation. Here, however, by virtue of the pendency of the action, involving the validity of the rule (see *Gair v. Peck*, 6 Misc 2d 739, affd. 5 A D 303, revd. 6 N Y 2d 97, appeal dismissed and cert. denied 361 U. S. 374), the delay in making this application should not bar these attorneys from relief.

On the attorneys' cross motion, the question is not whether the 40% retainer agreement was reasonable and fair when made. Rule 4 is dispositive of that issue. The question is whether, having in mind that the case was originally accepted on a contingency basis, the attorneys have rendered services justifying a fee greater than that provided for in the schedule (see *Gair v. Peck*, 6 N Y 2d 97, 106–107, 109, *supra,* and, see, also, cases cited as to the theory of the rule; see 3 N. Y. Juris., Attorney and Client, § 102, and cases cited as to the relevance of the contingency factor).

Hence, on the cross motion, the attorneys should show, among other things, the time spent on the matter (cf. *People v. Supervisors of Delaware County*, 45 N. Y. 196, 202–203; 3 N. Y.

Juris., Attorney and Client, §§ 102, 103; see, also, canon 12, Canons of Professional Ethics; *Gair* v. *Peck,* 6 N Y 2d 97, 109, *supra*). In addition, they should demonstrate that they complied with the court's requirement (of which they were admittedly aware) that, until the validity of rule 4 was finally determined, funds retained by attorneys in excess of those authorized by the rule might only be retained in a special account.

Accordingly, the order should be reversed, on the law, and, in the exercise of discretion, the matter remitted to Special Term for further proceedings in accordance with this opinion, without costs to any party.

BOTEIN, P. J., BREITEL, MCNALLY, STEVENS and NOONAN, JJ., concur.

Order so far as appealed from unanimously reversed, on the law, and, in the exercise of discretion, the matter remitted to Special Term for further proceedings in accordance with the opinion filed herein, without costs to any party.