Mary **GANGEWERE** and **Russell Gange-were**, her husband, and **Russell Gange-were**, individually, and **Ann Lewis**, Plaintiffs,

v.

Celia **BERNSTEIN** and **William Bern-stein**, her husband, Defendants.

United States District Court
S. D. New York.

Nov. 13, 1961.

Baar, Bennett & Fullen, New York City, Milton I. Newman, New York City, of counsel, for plaintiffs.

David E. Winer, New York City, petitioner, pro se. Rivkin & Rosen, New York City, Louis Rivkin, New York City, of counsel.

**MacMAHON, District Judge.**

These are two motions relating to the substitution of attorneys in a negligence. suit. Plaintiffs were referred to David Winer, a New York attorney, by Frank Scerbo, the New Jersey attorney they originally engaged. At that time, Winer was a member of Baar, Bennett & Fullen, who became attorneys of record when the action was filed in this court. Plaintiffs made a contingent fee arrangement with Scerbo, but their, or his, arrangement with Winer and/or his firm are unclear.

Winer, who had handled the case for his firm, withdrew from the partnership on May 1, 1961, and plaintiffs directed the firm to release the files to him. It refused and, as a result, Winer was handicapped in conducting discovery procedures. The clients, having had enough of the dispute, move to substitute a new firm as their attorneys.

A client has an absolute right to replace his attorney, with or without cause. The Flush, 277 F. 25 (2 Cir., 1921), cert. denied, Bulk Oil Transports v. Thompson, 257 U.S. 657, 42 S.Ct. 184, 66 L.Ed. 421 (1922). All the attorneys involved, in recognition of the rule,.agree to the substitution. However, both Winer and Baar, Bennett & Fullen claim an attorney's lien for past services and ask that the order of substitution be conditioned on a recognition of that lien.

A discharged attorney, other than one discharged for cause, Matter of Weitling, 266 N.Y. 184, 187, 194 N.E. 401 (1935), has two distinct liens to secure payment for past services: (1) a retaining lien on all the client's property in his possession, and (2) a charging lien upon the client's claim and any recovery which may be obtained. Robinson v. Rogers, 237 N.Y. 467, 470, 143 N.E. 647, 33 A.L.R. 1291 (1924). The New York Judiciary Law, § 475, 29 McKinney's Consol.Laws, c. 30, codifies the charging lien, and this statute applies in this federal court. Nolan v. Hemingway Bros. Interstate Trucking Co., 88 F.Supp. 111, 113 (S.D.N.Y.1950).

When ordering substitution, courts generally compel an attorney to deliver his client's papers to the new attorney. Since this destroys the former attorney's retaining lien, which depends on possession, the order is often conditioned on the plaintiff's giving an undertaking or deposit to secure whatever may be due the replaced attorney. In re San Juan Gold, 96 F.2d 60 (2 Cir., 1938). Here, however, the former attorney's fees are contingent upon plaintiffs' recov-

ering in the action. If plaintiffs lose, no compensation will be due, and there will be no claim for past legal services requiring protection. If plaintiffs win, compensation commensurate with the value of the services rendered will be due, but that claim is adequately protected by the replaced attorney's charging lien which is not disturbed by an order of substitution. Robinson v. Rogers, supra, 237 N.Y. at 472, 143 N.E. 647. A bond or deposit is, therefore, unnecessary. The contingent fee arrangement, however, makes it impossible to ascertain now what amount of money, if any, is due to the discharged attorneys. It is necessary, therefore, that those questions be decided in a special proceeding after the litigation is terminated. Schwartz v. Broadcast Music, 130 F.Supp. 956, 957 (S.D. N.Y.1955).

■ There is a question, however, as to who should be parties to the special proceeding. Winer seeks to intervene in order to assert his personal claim for compensation. In Woodbury v. Andrew Jergens Co., 69 F.2d 49, 50 (2 Cir., 1934), the court held that an attorney may intervene even though he is not the attorney of record. He is not relegated to a separate action against the counsel of record or the plaintiff. This avoids a multiplicity of proceedings to the benefit of the client and all attorneys concerned.

Thus, Winer shoud be a party to the special proceeding in order to dispose of all claims for fees in one proceeding. His former partners contend, however, that he is relegated to his rights under the partnership agreement which provides for arbitration of claims of withdrawing members. There is doubt whether Winer's claim is arbitrable under that agreement, but it is unnecessary to decide the question. It is not Winer's claim against the firm which is in issue here but his asserted claim against plaintiffs.

It is in the interest of justice, convenience and economy that the amounts due from plaintiffs to the various claimants be fixed in one special proceeding at the end of the action. Plaintiffs should not be subjected to the danger of multiple fees or to a series of proceedings to fix their bill for legal services. If the allocation offends some arrangement among the attorneys, they of course have the traditional remedies for breach of contract, but the clients should not be further involved in the unseemly bickering of counsel.

Accordingly, the motion for substitution is granted. Baar, Bennett & Fullen and David Winer are directed to turn over to Rivkin & Rosen whatever portion of plaintiffs' file each may have. Winer's motion to assert his charging lien in the post-litigation special proceeding is granted. The determination of whether plaintiffs owe any fee and, if so, its allocation among Scerbo, Winer, Baar, Bennett & Fullen and Rivkin & Rosen is reserved for determination until the conclusion of the trial unless previously disposed of by agreement among all the attorneys and the plaintiffs.

So ordered.