OPINION OF THE COURT
Gerard M. Weisberg, J.
This ex parte application for the disposition of proceeds of an infant’s claim pursuant to CPLR 1206 presents two issues: (1) whether counsel should be reimbursed for moneys expended for "trial preparation” and paid to a firm of private *782 investigators, and (2) whether litigation expenses should be apportioned between the infant’s award and the award to the parents upon their derivative cause of action.
The claim arose out of an accident in which a three- and one-half-year-old child fell upon an exposed bolt protruding from a playground device. After trial, the court awarded the sum of $9,500 to the infant as compensatory damages and $245 to her parents for medical expenses.
In "preparing for trial” claimants’ counsel retained the services of Vision Investigations, Inc. (Vision), a firm of investigators who charged a fee of $528.25. Of this sum $134.50 was for service of subpoenas plus automobile and telephone expenses in connection therewith, all of which represent valid and necessary charges. (Matter of Lessig, 165 Misc 706.) Vision also charged $206.25 for I6V2 hours of "investigative services” in connection with service of those subpoenas. There is no indication in the billing itemization submitted by Vision as to what investigative services were actually performed. However, it may fairly be deduced that the witnesses in question had to be located and we deem this a necessary incident of the litigation for which a valid charge may be made against the award. (See, generally, Matter of Weiss, 196 NYS2d 255, revd on other grounds 11 AD2d 63.)
A significant issue is presented by the fact that a representative of Vision was present in court on three occasions during the trial of this claim ostensibly to assist in "preparation and trial” of the case for which the sum of $187.50 was billed. This does not constitute a proper charge. As Surrogate Wingate said in Matter of Lessig (supra, at pp 707-708): "It is the consistent policy of this court to deny a separate compensation to an attorney in respect of matters or services which are a necessary part or adjunct of a properly equipped lawyer’s office.” Thus, a lawyer is not entitled to remuneration for disbursements expended upon duties which he has the primary responsibility of performing himself. Unquestionably, the complexity of a particular case or other special circumstances could justify a private investigator’s presence at the trial table. Such decisions are for the attorney to make, in the first instance, after consultation with the client and are essentially matters of discretion. Indeed, in the instant case the infant’s parents have consented to the imposition of this charge.
However, this is an infant’s claim and the court is, there *783 fore, duty bound to examine with the utmost care the expenditure of any sums which would constitute a deduction from the award to determine whether or not they were reasonable and necessary to the conduct of the litigation. This case was one of relative simplicity. The infant fell upon an exposed bolt protruding from a playground device. The witnesses were friends of the infant’s parents and several employees of the State of New York. The exhibits introduced into evidence were few and the issues far from difficult. Under these circumstances, we consider that the presence of an investigator to sit by counsel’s side at trial was not a necessary expense and, accordingly, we disallow payment of the fee for this service out of the infant’s award.
As previously indicated, the infant’s parents were awarded $245 for medical expenses incurred on her behalf. The question is whether that sum is chargeable with any portion of the disbursements previously mentioned. A derivative claim for medical expenses is considered to be a part of the personal injury action. (General Construction Law, § 37-a; Constantinides v Manhattan Tr. Co., 264 App Div 147; Bailey v Roat, 178 Misc 870; cf. Reilly v Rawleigh, 245 App Div 190; Maxson v Tomek, 244 App Div 604.) Clearly, the parents gained by bringing the action, since otherwise they would not have recovered their medical expenses. However, the child actually received the benefit of the medical treatment. We, therefore, judge that the expenses of the litigation should not be apportioned between the infant and her parents, but rather that the former should bear this cost alone. The court does not, however, pass upon the question of whether an award for loss of the child’s services would be subject to the imposition of litigation expenses. No such award was involved here, and the issues relative to that question are quite different from those concerning medical expenses.